# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN ROCKWELL,<br><br>Defendant. | Case No. CR12-309RSL<br><br>ORDER DENYING RENEWED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant's "Renewed Motion for Early Termination of Supervised Release." Dkt. # 33. Having reviewed defendant's memorandum and exhibits, the government's response in opposition, the input of United States Probation, and the remainder of the record, the Court DENIES defendant's motion.[1]

On November 1, 2012, defendant pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. ## 5, 7. On March 15, 2013, the Court sentenced defendant to one day in custody, with credit for time served, followed by a lifetime term of supervised release. Dkt. # 19.

In the years since then, defendant complied with a sexual deviancy evaluation and successfully completed treatment and all assignments asked of him. Defendant has continued to

---

[1] The Court finds that this matter can be decided on the papers submitted. Defendant's request for oral argument is therefore DENIED.

ORDER DENYING RENEWED MOTION
FOR EARLY TERMINATION OF
SUPERVISED RELEASE - 1

meet with his mental health counselor. Defendant also suffers from advanced Parkinson's disease, which affects his ability to walk, write, and speak. See Dkt. # 33.

In December 2016, defendant filed a motion for termination of supervised release. Dkt. # 27. That motion cited defendant's health condition and successful compliance with the terms of supervision, including his completion of sexual deviancy treatment. The Court commended defendant's cooperation and acknowledged his health challenges, but denied the motion given defendant's offense and the minimally intrusive nature of supervised release. Dkt. # 32 at 2.

Defendant has again moved the Court for early termination based largely on the same reasons in his previous motion. Dkt. # 33. Defendant asserts that his debilitating condition renders him harmless to the public. He includes with his motion a letter from his doctor along with a brief video describing and documenting his lack of physical mobility. See Dkt. ## 33, 38.

Under 18 U.S.C. § 3583(e), the Court may, after considering a subset of sentencing factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release after at least one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors the Court should consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public, and to provide the defendant with training, medical care, or other treatment in the most effective manner; relevant guidelines or policy statements issued by the Sentencing Commission; and the need to provide restitution. Id. §§ 3553(a), 3583(e). When deciding whether to terminate supervised release, the Court "enjoys discretion to consider a wide range of circumstances." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

The Court concludes termination of defendant's supervised release is not warranted at this time for substantially the same reasons articulated in the Court's previous order. Defendant's lack of mobility and other health challenges appear to limit him considerably, but he does not appear to be so limited that he could not reoffend. As the government observes in its response, a crime like defendant's requires very little physical strength or mobility to carry out. Despite defendant's assertion that there is no evidence he poses a risk to the public, the evidence

of that risk is his conviction itself. The Court echoes its previous observations commending defendant's progress and acknowledging his health challenges, but nonetheless concludes defendant's circumstances have not changed since the Court's previous denial in a way that justifies terminating his supervised release.

For the foregoing reasons, defendant's motion is DENIED.

DATED this 19th day of October, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING RENEWED MOTION
FOR EARLY TERMINATION OF
SUPERVISED RELEASE - 3